# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF PUERTO RICO

HUMBERTO PRADA-CORDERO,
  Petitioner,

v.

                                   Civil No. 96-2414 (HL)
                                   Crim. No. 93-293 (HL)

UNITED STATES OF AMERICA,
  Respondent.

## OPINION AND ORDER

Before the Court is a *pro se* petition for postconviction relief under 28 U.S.C. § 2255 filed by Humberto Prada-Cordero ("Prada"). The indictment in his criminal case had two counts. The first count charged him with conspiring to possess cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846. The second count charged him with possessing cocaine with intent to distribute, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1).[1] Prada and a co-defendant went to trial. The trial lasted five days. After the third day of the trial, Prada fled the jurisdiction.[2] He did not appear for the last two days of his trial. His attorney Nelson Escalona Colón ("Escalona") continued to represent him.[3] At the close of all the evidence, the Court granted the Rule 29 motion that

---

[1] Crim. no. 93-293 (HL), docket no. 1.

[2] Crim. no. 93-293 (HL), docket no. 53.

[3] Attorney Escalona has recently passed away.




AO 72A
(Rev.8/82)

Civil No. 96-2414 (HL)                                           2
Crim. No. 93-293 (HL)

Escalona made on behalf of his client and dismissed the first count of the indictment.[4] The jury returned a verdict of guilty as to count two.

Because Prada had fled, he could not be sentenced. Approximately one year later, he surrendered to the United States Attorney in Florida and was removed to this jurisdiction. During the sentencing hearing held on February 22, 1995, he claimed that his counsel told him to flee the during the trial and assisted him in doing so. The Court then continued the sentencing and appointed new counsel for Prada.[5] Additionally, the United States Attorney conducted an investigation into the allegation of Escalona's complicity in his client's absconding.[6]

A new sentencing hearing was rescheduled, and Prada was represented by new counsel. The Court sentenced him to 110 months.[7] He appealed, and on September 6, 1996, the First Circuit affirmed his conviction in an unpublished opinion. *See United States v. Prada Cordero*, 82 F.3d 403, 1996 WL 172164 (1st Cir. 1996). Prada then filed the present petition, claiming that he was denied his rights under the Sixth Amendment. He claims that his trial attorney failed to do an adequate investigation of the case; that Escalona was unable to properly understand or communicate in English; that he slept

---

[4] Crim. no. 93-293 (HL), docket nos. 56 & 63.

[5] Crim. no. 93-293, docket no. 108.

[6] Crim. no. 93-293, docket no. 114.

[7] Crim. no. 93-293, docket no. 127.

AO 72A
(Rev.8/82)

Civil No. 96-2414 (HL)  
Crim. No. 93-293 (HL)  

3

during substantial parts of the trial; that this sleeping and lack of proficiency in English was tantamount to Prada's being denied any legal representation; and that Escalona advised him to flee during the trial and assisted him in his flight. Prada also alleges that the attorney who represented him at sentencing was ineffective because he failed to raise the issue of his trial attorney's unacceptable performance. Prada further claims that his attorney on appeal was ineffective because he too failed to raise this issue and because this attorney failed to notify him that his appeal had been denied.

## DISCUSSION

*1.   Performance of the trial attorney at trial*

Because Prada is appearing *pro se*, the Court will broadly construe normal pleading requirements. *See United States v. Michaud*, 925 F.2d 37, 41 (1st Cir. 1991). The Sixth Amendment guarantees a criminal defendant effective assistance of counsel in order to protect that defendant's fundamental right to a fair trial. *Strickland v. Washington*, 466 U.S. 668, 684-85, 104 S.Ct. 2052, 2063, 80 L.Ed.2d 674 (1984). The Constitution does not guarantee a defendant a perfect or successful defense; rather, he is guaranteed "'reasonably effective assistance under the circumstances then obtaining.'" *Lema v. United States*, 987 F.2d 48, 51 (1st Cir. 1993) (quoting *United States v. Natanel*, 938 F.2d 302, 309-10 (1st Cir. 1991)). A court should evaluate the challenged conduct not with the

AO 72A  
(Rev.8/82)

Civil No. 96-2414 (HL)  4
Crim. No. 93-293 (HL)

benefit of hindsight, but from the attorney's perspective at the time of the trial. *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065; *Lema*, 987 F.2d at 51.

A petitioner must show, first, that his counsel's performance was deficient and, second, that this deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064; *Bucuvalas v. United States*, 98 F.3d 652, 658 (1st Cir. 1996); *Bonneau v. United States*, 961 F.2d 17, 20 (1st Cir. 1992). The petitioner has the burden of proving both prongs of this test, and the burden is a heavy one. *Bucuvalas*, 98 F.3d at 658. An attorney's performance is deficient if it is "'so inferior as to be objectively unreasonable.'" *Id.* (quoting *United States v. McGill*, 11 F.3d 223, 226 (1st Cir. 1993)). The petitioner must show that, but for his counsel's deficient performance, the outcome would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068; *United States v. Hart*, 933 F.2d 80, 83 (1st Cir. 1991); *Carsetti v. Maine*, 932 F.2d 1007, 1012 (1st Cir. 1991). He must show that his counsel's errors were so serious that they deprived him of a fair trial, a trial whose result is reliable. *United States v. Ademaj*, 170 F.3d 58, 64 (1st Cir. 1999). There is a strong presumption that the counsel's performance comes within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. The defendant must overcome the presumption that his counsel's performance could "'be considered sound trial strategy.'" *Id.* (quoting *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158, 164, 100 L.Ed. 83 (1955)). The court's scrutiny of the attorney's performance must be highly deferential. *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065.

AO 72A
(Rev.8/82)

Civil No. 96-2414 (HL)  
Crim. No. 93-293 (HL)  

5

In the present case, Prada's primary claim is based on Escalona's performance at trial. Prada alleges that Escalona was unable to properly understand or make himself understood in English and that he slept during substantial parts of the trial. Prada argues that Escalona's sleeping and lack of proficiency in English was tantamount to a complete denial of legal representation during the trial. The actual or constructive denial of a defendant's right to counsel during a critical stage of his criminal trial will constitute prejudice per se and will result in the invalidation of the conviction. *Curtis v. Duval*, 124 F.3d 1, 4 (1st Cir. 1997). A constructive denial of counsel may occur when the attorney is absent from the courtroom, there are conflicts of interest between the attorney and his client, there is official interference with the defense, or defense counsel "fails to subject the prosecution's case to meaningful adversarial testing." *United States v. Cronic*, 466 U.S. 648, 659 & n.25, 662 n.31, 104 S.Ct. 2039, 2047 & n.25, 2048-49 n.31, 80 L.Ed.2d 657 (1984); *Childress v. Johnson*, 103 F.3d 1221, 1228 (5th Cir. 1997); *see also Ademaj*, 170 F.3d at 62 (Prejudice is presumed when there has been an "'outright denial of counsel, a denial of the right to effective cross-examination, or a complete failure to subject the prosecution's case to adversarial testing.'") (quoting *Scarpa v. DuBois*, 38 F.3d 1, 12 (1st Cir. 1994)).

The Ninth Circuit has held that the conduct of an attorney who has slept through a substantial part of a criminal trial automatically constitutes prejudice per se. *See Javor v. United States*, 724 F.2d 831, 833 (9th Cir. 1984). At least one court, however, has

Civil No. 96-2414 (HL)  
Crim. No. 93-293 (HL)

6

cautioned against such a broadly-applied rule in cases where attorneys have slept during trials. *See Tippins v. Walker*, 77 F.3d 682, 686 (2nd Cir. 1996). Before finding that an attorney's sleeping during trial constitutes prejudice per se, a court should consider that it may not be unusual, during a long trial, for an attorney to become drowsy or fall asleep. *See id.* at 689. Additionally, a court should be cognizant that attorneys may use the appearance of sleep as a strategic tool to downplay the importance of an adversary's presentation. *Id.* at 688. Moreover, a rule that required a finding of prejudice whenever an attorney slept during a trial would provide unscrupulous practitioners with a safety valve to annul trials that they feel they are at risk of losing. *Id.* at 688.

In the present case, the Court holds that the conduct of Prada's trial attorney does not constitute prejudice per se for the following reasons. First, the Court did not observe Attorney Escalona sleeping either for a substantial portion of the trial or to the extent that Prada alleges in his petition. The defense table was within the undersigned's line of sight and was only approximately twenty feet away. If Escalona had been sleeping as often as Prada claims, the Court would have noticed such conduct. It did not.

Second, a review of the trial transcript does not indicate that Prada was constructively denied his right to counsel. The record indicates that Escalona was paying

AO 72A  
(Rev.8/82)

Civil No. 96-2414 (HL) 7
Crim. No. 93-293 (HL)

attention to the proceedings[8] and actively participating in the trial.[9] He made objections, some of which were successful.[10] He vigorously cross-examined the Government's witnesses.[11] And he attempted to develop an alibi by portraying Prada as a legitimate businessperson.[12] He was not absent from the courtroom and he did not fail to subject the Government's case to meaningful adversarial testing.

Third, Prada's argument that Escalona's lack of proficiency in English constituted a denial of counsel cannot be squared with the Court's own observations. While the Court acknowledges that Attorney Escalona's diction certainly could have been better, it was not so bad, however, as to render him "absent" from the courtroom. And the transcript, as cited above, demonstrates that Escalona was following and understanding the proceedings.

Prada's claim that he suffered a complete denial of his right to counsel is more aptly characterized as a claim that he received ineffective assistance of counsel for which the Court should presume the existence of prejudice. *Cf. Ademaj*, 170 F.3d at 62. Such a

---

[8] Docket no. 95, at 9, 25, 33, 44, 46, 48; docket no. 96, at 3-4, 52, 58-66, 123, 126, 133, 138; docket no. 97 at 39, 120.

[9] Docket no. 95, at 40, 44, 47, 48, 53; docket no. 96, at 3-4; docket no. 97, at 22, 30, 95, 129-45, 150-202.

[10] Docket no. 95, at 25, 46, 54, 55, 60; docket no. 96, at 52, 58-66, 67, 69, 71, 119, 121, 126, 127, 129; docket no. 97, at 120-21; docket no. 67, at 19.

[11] Docket no. 95, at 75-88; docket no. 96, at 5-49, 74-75, 163; docket no. 97, at 50-92.

[12] Docket no. 95, at 80-87; docket no. 96, at 9-10, 14; docket no. 97, at 106-12, 130, 164.

Civil No. 96-2414 (HL)  8
Crim. No. 93-293 (HL)

presumption is warranted only in egregious circumstances. *See id.* For the same reasons that the Court finds that Prada was not denied completely his right to counsel, the Court finds that the circumstances of this case were not so extreme to warrant a presumption of prejudice. Thus, Prada must show that he was actually prejudiced by Escalona's performance. *See Bucuvalas*, 98 F.3d at 658. The record does not support such a showing. Escalona was able to successfully argue a Rule 29 motion and obtain a dismissal of the first count of the indictment after his client had fled the jurisdiction.

Prada complains that the Court reprimanded his counsel on a number of occasions during the trial and that this had an adverse effect on him before the jury. It is true that the Court did rebuke Escalona more than once during the proceedings. It is also true, however, that the Court instructed the jury not to consider these admonishments in its deliberation.[13] Often, a potential for prejudice can be remedied by a curative instruction to the jury. *United States v. Freeman*, __ F.3d __, 2000 WL 369788, at *12 (1st Cir. April 14, 2000). There is a presumption that jurors follow the instructions they are given. *Richardson v. Marsh*, 481 U.S. 200, 206, 211, 107 S.Ct. 1702, 1707, 1709, 95 L.Ed.2d 176 (1987); *Arthur D. Little, Inc. v. Dooyang Corp.*, 147 F.3d 47, 53 (1st Cir. 1998); *United States v. Magana*, 127 F.3d 1, 6 (1st Cir. 1997). Thus, the Court must presume that the jury in this

---

[13] Docket no. 67, at 2.

Civil No. 96-2414 (HL)  9
Crim. No. 93-293 (HL)

case followed the instruction that it disregard the Court's reprimands of Escalona. Prada has not proffered any reason for the Court to presume otherwise.

2. *Petitioner's claim regarding his flight*

Prada also claims that Escalona assisted him in his flight in the middle of the trial. A defendant has been denied his Sixth Amendment right to counsel when the attorney who represents him at trial is implicated in the crimes for which the defendant is being tried. *United States v. Gambino*, 838 F.Supp. 749, 754 (S.D.N.Y. 1993). In the present case, however, Prada's allegation does not implicate Escalona in the drug distribution offense for which he was being tried. Prada alleges only that Escalona was involved in his flight, an offense separate from the one for which he was being tried. Thus, Escalona's involvement in Prada's flight would not necessarily be sufficient by itself to establish a valid Sixth Amendment claim.

The Court finds Prada's claims on this issue unavailing for another reason. Prada first made these allegations regarding Escalona's complicity during what was supposed to be his sentencing hearing. At that hearing, Prada alleged that Escalona not only had helped him to flee, but also had advised him to do so.[14] In the face of these serious allegations, the Court continued the sentencing hearing and ordered that the Government investigate the

---

[14] Crim. no. 93-293 (HL), docket no. 108.

AO 72A
(Rev.8/82)

Civil No. 96-2414 (HL)  
Crim. No. 93-293 (HL)
10

matter. The investigation included interviews of both Prada and his wife. In his interview, Prada admitted that he lied in court when he stated that Escalona had advised him to leave Puerto Rico. Prada's wife did not corroborate his allegations, and the Government was unable to find any documentary evidence connecting Escalona to Prada's flight. A motion filed by the Government to inform the Court of the result of this investigation was inconclusive as to Escalona's involvement.[15] The Government investigation did not find any evidence to support Prada's allegations, and Prada has shown himself to be less than credible on this matter. Lastly, Prada has not shown that the outcome of his trial would have been different had he not fled the jurisdiction. Thus, the Court denies his claim of ineffective assistance based on Escalona's alleged involvement in his flight.

3. *Petitioner's claim regarding his attorney's alleged failure to investigate*

Prada's last claim regarding Escalona's performance is his allegation regarding a trip to Colombia that Escalona took as part of the pretrial investigation of the case. Erasto Miranda was a Government witness who testified about Prada's involvement in the drug distribution scheme. In part of his direct testimony Miranda narrated a trip he made to Venezuela and Colombia. He testified that he met up with Prada in Venezuela, that they spent a few days in Caracas before traveling to a town located next to the border with

---

[15] Crim. no. 93-293 (HL), docket no. 114.

AO 72A  
(Rev.8/82)

Civil No. 96-2414 (HL)                                           11
Crim. No. 93-293 (HL)

Colombia, and that at the border town Prada obtained a package of cocaine to be smuggled into Puerto Rico.[16] In a supplement to his 2255 petition Prada claims that prior to his trial, Escalona traveled to Colombia, ostensibly to investigate the places about which Miranda would be testifying. Prada asserts that instead of investigating the alleged scenes of the drug scheme, Escalona spent his time using cocaine and drinking. In support of this allegation, he has submitted the affidavit of a doctor in Colombia who claims to have hosted Escalona during his trip. The doctor states that Escalona's trip lasted one day and that he was under the influence of alcohol or cocaine during the entire time he was there.[17] Prada claims that his counsel should have done a proper investigation in order to verify the testimony that Miranda would be giving.

Counsel for a criminal defendant must make a reasonable investigation in the preparation of his case. *Kenley v. Armontrout*, 937 F.2d 1298, 1304 (8th Cir. 1991). Counsel's assistance will be found to be ineffective if he has performed little or no investigation into the case. *Id.* Generally, a finding of ineffective assistance will be based on a failure to investigate where the evidence which the investigation would have produced would have made the defendant's conviction nearly impossible. *Passos-Paternina v.*

---

[16] Crim. no. 93-293 (HL), docket no. 96, at 120-25.

[17] Civil no. 96-2414 (HL), docket no. 9.

Civil No. 96-2414 (HL)  
Crim. No. 93-293 (HL)

12

*United States*, 12 F.Supp.2d 231, 236 n.4 (D.P.R. 1998), *aff'd* 201 F.3d 428 (1st Cir. 1999) (Table case).

In the present case, the problem with Prada's claim regarding this investigation is that the alleged drug scheme which took place in Colombia and Venezuela occurred in July 1990. This activity was covered by the first count of the indictment, which was dismissed when the Court granted Prada's Rule 29 motion at trial. The count for which he was found guilty dealt with an attempt in 1992 by Miranda, Prada, and Prada's co-defendant to transport one kilogram of cocaine from Puerto Rico to the continental United States. Miranda's version of what happened in Colombia in 1990 was irrelevant to the 1992 event. Thus, Prada has not shown that he suffered prejudice due to Escalona's alleged failure to investigate during his trip to Colombia.

With regard to all of Prada's claims against Escalona, the section 2255 petition and its supporting documentation fail to meet the exacting standards required by *Strickland* and its progeny to establish that an attorney did not provide effective assistance of counsel. Escalona actively participated in the trial and successfully obtained a dismissal of one of the counts against his client. In denying Prada's petition regarding the performance of the trial attorney, the Court does not hold that Escalona presented a flawless case. He committed errors. He could have argued some of his points more coherently and he could have been more adept in presenting some of his evidence. However, Prada was not entitled to a perfect defense. *See Lema*, 987 F.2d at 51. The representation he received

AO 72A  
(Rev.8/82)

Civil No. 96-2414 (HL)  13
Crim. No. 93-293 (HL)

satisfied the standards of *Strickland*. Therefore, the Court must deny his claim that his trial attorney did not provide him with effective assistance of counsel.

### 4. Performance of counsel at sentencing and on appeal

Prada also claims that the performance of both the attorney who represented him at sentencing and the attorney who represented him on appeal denied him effective assistance of counsel. Prada asserts that the failure by his attorney at sentencing to raise the issue of Escalona's ineffective assistance of counsel was itself ineffective assistance. A claim of ineffective assistance of counsel is generally not allowed in a criminal defendant's direct proceedings; it should be raised collaterally in a section 2255 petition, after the direct appeal process has been concluded. *Ademaj*, 170 F.3d at 64; *United States v. Cofske*, 157 F.3d 1, 2 (1st Cir. 1998); *Pratt v. United States*, 129 F.3d 54, 60-61 (1st Cir. 1997); *United States v. Diaz-Martinez*, 71 F.3d 946, 953 (1st Cir. 1995); *United States v. Lopez-Pineda*, 55 F.3d 693, 697 (1st Cir. 1995).

A counsel's performance will not be deficient merely because he declined to raise futile arguments that were destined to lose. *Vieux v. Pepe*, 184 F.3d 59, 64 (1st Cir. 1999). Given the First Circuit's numerous rulings *against* raising ineffective assistance claims before the appeals process has concluded, the failure of Prada's attorney to raise this issue at sentencing can hardly constitute a performance which is deficient or "so inferior as to be objectively unreasonable." See *Bucuvalas*, 98 F.3d at 658. Prada also complains that the

Civil No. 96-2414 (HL)                          14
Crim. No. 93-293 (HL)

attorney who represented him on appeal also failed to raise the issue of Escalona's alleged ineffective assistance. For the same reason that it was not deficient performance when his attorney at sentencing refused to raise this claim, so too was it not deficient for his appellant attorney to fail to raise this issue on direct appeal.

    Lastly, Prada makes one other claim regarding the performance of his appellant attorney. He asserts that this attorney failed to notify him that the appeal had been dismissed. It is unclear how this failure could constitute ineffective assistance. The only possible prejudice to Prada from this lack of timely notice would be that any petition to the Supreme Court for review of the appellate court decision might be jeopardized. A criminal defendant has a right to counsel on his first appeal as of right. *Penson v. Ohio*, 488 U.S. 75, 79, 109 S.Ct. 346, 349, 102 L.Ed.2d 300 (1988); *United States v. Palomo*, 80 F.3d 138, 141 (5th Cir. 1996). This right does not, however, apply to subsequent discretionary appeals. *Coleman v. Thompson*, 501 U.S. 722, 756, 111 S.Ct. 2546, 2568, 115 L.Ed.2d 640 (1991); *Ross v. Moffitt*, 417 U.S. 600, 612-19, 94 S.Ct. 2437, 2445-48, 41 L.Ed.2d 341 (1974); *Blankenship v. Johnson*, 118 F.3d 312, 317 (5th Cir. 1997). Nor does this right apply in the period between losing a direct appeal and filing for a discretionary review of the appellate decision. *Wainwright v. Torna*, 455 U.S. 586, 587-88, 102 S.Ct. 1300, 1301, 71 L.Ed.2d 475 (1982); *Miller v. Keeney*, 882 F.2d 1428, 1432 (9th Cir. 1989). If Prada did not have a right to counsel at this post-appeal stage, then he could not have had a right to effective assistance of counsel either, and his appellant attorney's

Civil No. 96-2414 (HL)                              15
Crim. No. 93-293 (HL)

failure to notify him that the appeal had been dismissed could not have been a violation of any such right.

WHEREFORE, the Court denies Prada's claims that the performances of the attorneys who represented him at sentencing and on appeal constituted ineffective assistance. The Court also denies his claim regarding the performance of his trial attorney. Thus, the Court hereby denies Prada's section 2255 petition. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, May ___, 2000.

HECTOR M. LAFFITTE
Chief U.S. District Judge

AO 72A
(Rev.8/82)