UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

Humberto Prada-Cordero
v.
Federal Bureau of Prisons

CASE NUMBER: Civil no. 96-2414 (HL)
Crim. no. 93-293 (HL)

| MOTION |
|---|
| Date Filed: 9.12.00  Docket # 23   [x] Plffs  [ ] Defts   Title: Request for certificate of appealability |
| **ORDER** |

Before the Court is Petitioner Humberto Prada-Cordero's request for a certificate of appealability. In his section 2255 petition, he claimed that he received ineffective assistance from the attorney who represented him at trial, the attorney who represented him at sentencing, and the attorney who handled his appeal. In an order entered May 8, 2000, the Court denied Prada's section 2255 petition for postconviction relief. See docket nos. 15 & 16.

A district court may issue a certificate of appealability only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C.A. § 2253(c)(2) (West Supp. 2000). The standard of review for a certificate of appealability is the same standard as the one which was used for certificates of probable cause. *Nelson v. Walker*, 121 F.3d 828, 832 n.3 (2nd Cir. 1997); *Lennox v. Evans*, 87 F.3d 431, 433-34 (10th Cir. 1996). Thus, the petitioner need not show that he should prevail on the merits; instead, he must demonstrate that (1) the issues are debatable among reasonable jurists; (2) a court could resolve the issues in a different manner; or (3) there are questions adequate enough to deserve encouragement to proceed further. *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *Mahdi v. Marshall*, 976 F.Supp. 93, 94 (D.Mass. 1997).

Although the Court denied his petition, the issue regarding the performance of his trial attorney would be debatable among reasonable jurists. Moreover, the Government has not opposed his request. Accordingly, the Court grants his petition, but <u>only</u> with regard to the performance of his trial attorney. He does not request a certificate of appealability regarding his attorneys at sentencing or on appeal, and the Court would not be inclined to grant such a request.

Prada-Cordero also seeks a certificate of appealability based on the Supreme Court's recent opinion in *Apprendi v. New Jersey*, 120 S.Ct. 2348 (2000). Because the *Apprendi* opinion was issued after this Court denied Prada-Cordero's petition, the *Apprendi* argument was not raised in his original petition. Thus, this argument constitutes a second petition. A district court does not have jurisdiction to hear a second section 2255 petition unless the court of appeals has authorized it to do so. *Libby v. Magnusson*, 177 F.3d 43, 45-46 (1st Cir. 1999); *Pratt v. United States*, 129 F.3d 54, 57 (1st Cir. 1997). Therefore, Prada-Cordero must direct this request to the First Circuit. The Court notes that Prada-Cordero will have an uphill battle if he chooses to do so. See *Sustache-Rivera v. United States*, 221 F.3d 8, 15 (1st Cir. 2000).

Accordingly, the Court **grants** his request for a certificate of appealability, but only as to the performance of his trial attorney. The Court **denies** his request as to all other issues.

Date 10/6/00

HECTOR M. LAFFITTE
Chief U.S. District Judge

CCA
10/10/00